IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN ATTANASIO, LYNN MARIE POTOSKI and DENISE GAITERI, on their own behalf and for all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY HEALTH SYSTEMS, INC., WYOMING VALLEY HEALTH CARE SYSTEM and WILKES-BARRE HOSPITAL CO., LLC, <br><br> Defendants. | Case No. _____ <br><br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Carmen Attanasio, Lynn Marie Potoski and Denise Gaiteri ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Defendants Community Health Systems, Inc., Wyoming Valley Health Care System and Wilkes-Barre Hospital Co., LLC ("Defendants") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF THE ACTION

1.  Plaintiffs contend that Defendants and all of the Pennsylvania health care systems and hospitals under Defendants' ownership, management and control, violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), by knowingly suffering or permitting Plaintiffs and the Class members, to perform more than *de minimis* meal break work and uniform maintenance work without properly compensating them for the time spent on these activities.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA, and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this action exceeds $75,000, exclusive of interest and costs and because the parties are residents of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants do business within this District, and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

5. Plaintiff Carmen Attanasio is an adult citizen of the Commonwealth of Pennsylvania who resides in Luzerne County. During the relevant period, Mr. Attanasio was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Mr. Attanasio routinely worked more than 40 hours per week and was routinely subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Mr. Attanasio was routinely damaged by Defendants' failure to provide all proper compensation for time he spent engaged in meal break work and uniform maintenance work. Mr. Attanasio has signed and submitted an opt-in consent form to join this lawsuit.

6. Plaintiff Lynn Marie Potoski is an adult citizen of the Commonwealth of Pennsylvania who resides in Luzerne County. During the relevant period, Ms. Potoski was an

"employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Ms. Potoski routinely worked more than 40 hours per week and was routinely subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Ms. Potoski was routinely damaged by Defendants' failure to provide all proper compensation for time she spent engaged in meal break work and uniform maintenance work. Ms. Potoski has signed and submitted an opt-in consent form to join this lawsuit.

7. Plaintiff Denise Gaiteri is an adult citizen of the Commonwealth of Pennsylvania who resides in Luzerne County. During the relevant period, Ms. Gaiteri was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Ms. Gaiteri routinely worked more than 40 hours per week and was routinely subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Ms. Gaiteri was routinely damaged by Defendants' failure to provide all proper compensation for time she spent engaged in meal break work and uniform maintenance work. Ms. Gaiteri has signed and submitted an opt-in consent form to join this lawsuit.

8. Defendant Community Health Systems, Inc. ("CHS") is a Delaware corporation with a principal place of business in Franklin, TN. CHS is one of the nation's leading operators of general acute care hospitals. CHS, on its own or through its affiliates, owns or operates more than 126 hospitals in 29 states, including the Wyoming Valley Health Care System, its component entities and nine other healthcare systems in Pennsylvania. Throughout the relevant period, CHS was an "employer" of Plaintiffs and the Class members as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the activities described herein.

9. Defendant Wyoming Valley Health Care System ("WVHCS") is a Pennsylvania corporation with a principal place of business in Luzerne County, PA. WVHCS is Northeastern Pennsylvania's leading health care delivery network, employing more than 3,000 people in two hospitals, several outpatient testing centers and a home health services program. WVHCS is owned, operated and/or controlled by CHS. Throughout the relevant period, WVHCS was an "employer" of Plaintiffs and the Class members as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the activities described herein.

10. Defendant Wilkes-Barre Hospital Co., LLC ("WBHC") is a Pennsylvania corporation with a principal place of business in Luzerne County, PA. WBHC is owned, operated and/or controlled by WVHCS and operates Wilkes-Barre General Hospital. Throughout the relevant period, WBHC was an "employer" of Plaintiffs and the Class members as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the activities described herein.

11. Throughout the relevant period, Defendants operated all of the Pennsylvania health care systems and hospitals under their ownership, management and control as part of an integrated, comprehensive, consolidated health care delivery system.

12. Throughout the relevant period, the Pennsylvania health care systems and hospitals under Defendants' ownership, management and control functioned as an integrated enterprise with shared or common labor relations policies, personnel management policies, timekeeping systems and pay practices.

13. Defendants jointly formulated, approved, and controlled the improper practices described in this Complaint, and are jointly responsible for the improper practices described herein.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring this collective action claim for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid wages, liquidated damages and other damages related to Defendants' violation of the FLSA.

15. Plaintiffs pursue the requested relief on behalf of the following two sub-classes:

    a. the "meal break work sub-class" is defined to include all Pennsylvania residents employed by Defendants, their subsidiaries, or their affiliated companies between March 28, 2008 and the present who were suffered or permitted to perform more than *de minimis* meal break work for Defendants' benefit, but who were not properly compensated for this work; and

    b. the "uniform maintenance work sub-class" is defined to include all Pennsylvania residents employed by Defendants, their subsidiaries, or their affiliated companies between March 28, 2008 and the present who were suffered or permitted to perform more than *de minimis* uniform maintenance work for Defendants' benefit, but who were not properly compensated for this work.

16. Plaintiffs are members of both sub-classes they seek to represent, in that they were employed by Defendants during the relevant period and were routinely suffered or permitted to perform:

    a. more than *de minimis* meal break work (i.e. responding to emergency situations, responding to supervisors' instructions, providing patient care, managing hospital patients and visitors,

5

performing lab work, performing maintenance work, performing cleaning work and guarding or surveilling hospital facilities) for Defendants' benefit without being properly compensated for this work; and

    b. more than *de minimis* uniform maintenance work (i.e., cleaning and maintaining all of the components of their work uniform in good and presentable condition) for Defendants' benefit without being properly compensated for this work.

17. Although Plaintiffs and the Class members may have had different job titles and/or worked in different locations, this action may be properly maintained as a collective action on behalf of the two indicated sub-classes because, throughout the relevant period:

    a. Plaintiffs and the Class members, regardless of their job title or location, were governed by and subjected to the same meal break work policies and practices and were deprived of wages owed for meal break work;

    b. Plaintiffs and the Class members, regardless of their job title or location, were governed by and subjected to the same uniform maintenance work policies and practices and were deprived of wages owed for uniform maintenance work;

    c. Plaintiffs and the Class members, regardless of their job title or location, had shared employers;

    d. Defendants controlled all aspects of the work Plaintiffs and the Class members performed, including, among other things: their

> hiring, discipline and firing; the policies and practices related to their employment and the performance of their job duties; their job titles, descriptions and responsibilities; their shifts and schedules; and their job-related training;

> e. Defendants maintained common scheduling systems and policies with respect to Plaintiffs and the Class members;

> f. Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and the Class members;

> g. Defendants maintained common payroll systems and policies with respect to Plaintiffs and the Class members; and

> h. Defendants' labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies and procedures at issue in this case.

18. Plaintiffs estimate that the Class, including both current and ex-employees over the relevant period, will include at least several hundred members. The precise number of Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly *via* U.S. mail, e-mail and/or through the posting of written notices at Defendants' work sites.

## COUNT I
### Violation of the FLSA

19. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

20. Plaintiffs and the Class members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

21. FLSA Section 206 requires employers to pay their employees a minimum wage for all hours worked.

22. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

23. Throughout the relevant period, Defendants expected Plaintiffs and the Class members to be available to work during their promised meal break and after completion of their assigned shift for work-related tasks.

24. Plaintiffs and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit. Plaintiffs and the Class members will continue to suffer a significant loss of income as a result of the practices alleged here unless Defendants are required to alter the practices at issue.

### Meal Break Work

25. Throughout the relevant period, whether through an agreement, handbook and/or policy concerning the provision of meal breaks, Defendants promised to provide Plaintiffs and the Class members with one unpaid meal break per shift.

26. Having promised Plaintiffs and the Class members one unpaid meal break per shift, Defendants were obligated to ensure that Plaintiffs and the Class members were completely relieved from all work-related duties during each of their unpaid meal breaks.

27. Throughout the relevant period, Defendants routinely suffered or permitted Plaintiffs and the Class members to perform meal break work that included: responding to emergency situations, responding to supervisors' instructions, providing patient care, managing hospital patients and visitors, performing lab work, performing maintenance work, performing cleaning work and guarding or surveilling hospital facilities ("meal break work").

28. Plaintiffs are personally familiar with, and were personally affected by, Defendants' meal break work policies and practices because, during the relevant period, Defendants routinely suffered or permitted Plaintiffs to work during roughly 95% of their unpaid meal breaks each month.

29. Throughout the relevant period, because of the circumstances under which Plaintiffs and the Class members performed meal break work, Defendants routinely failed to record all of the time Plaintiffs and the Class members spent engaged in meal break work, or include all of this time in calculating the wages it paid to Plaintiffs and the Class members.

30. Throughout the relevant period, Defendants knew that Plaintiffs and the Class members, regardless of their job title or location, regularly performed meal break work because Defendants' agents regularly encouraged, instructed, suffered and permitted Plaintiffs and the Class members to perform this work and observed this work being performed on a regular basis.

31. Throughout the relevant period, Defendants knew that Plaintiffs and the Class members, regardless of their job title or location, regularly performed meal break work because

Plaintiffs and the Class Members routinely engaged in meal break work on Defendants' premises, in plain sight, and at their managers' request.

32. Throughout the relevant period, Defendants knew that Plaintiffs and the Class members, regardless of their job title or location, regularly performed meal break work because they did not provide designated relief workers to free Plaintiffs and the Class members from their work duties during meal breaks.

33. Throughout the relevant period, rather than ensuring that Plaintiffs and the Class members received full compensation for all meal break work they suffered or permitted, Defendants' timekeeping and pay practices improperly placed the burden on Plaintiffs and the Class members to ensure that their meal break work time was properly tracked and that wages for meal break work were properly paid.

34. Throughout the relevant period, Defendants failed to implement any rules, systems or procedures either to prohibit Plaintiffs and the Class members from performing meal break work, or guarantee that Plaintiffs and the Class members were properly paid all wages owed for meal break work.

35. Throughout the relevant period, Defendants willfully violated the FLSA by knowingly suffering or permitting Plaintiff and the Class members to spend time engaged in meal break work for which they did not properly pay all required wages.

36. As a result of Defendants' conduct, Plaintiffs and the Class members, regardless of their job title or location, were regularly deprived of pay owed for meal break work they performed, including pay calculated at the overtime premium rate for meal break work performed in workweeks where Plaintiffs and the Class members worked more than 40 hours.

37. As a result of their conduct, Defendants have improperly retained money that they should have paid as wages to Plaintiffs and the Class members for meal break work. By retaining this money, Defendants have received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

**<u>Uniform Maintenance Work</u>**

38. Throughout the relevant period, Defendants maintained policies and practices that required Plaintiffs and the Class members to maintain a professional appearance in the workplace for a variety of reasons, each of which inured to its benefit, including: to clearly identify themselves as hospital personnel, to differentiate among different types of hospital staff and care providers, to convey their professionalism and competence, to foster the appearance of safety and security in their assigned work locations and to foster morale and camaraderie among its employees.

39. Throughout the relevant period, Defendants maintained policies and practices that required Plaintiffs and the Class members to clean and maintain all components of their work uniforms, including shirts, trousers, socks, shoes, belts, hats, ties, jackets, weapons, tools and other items, in good and presentable condition ("uniform maintenance work").

40. Plaintiffs are personally familiar with, and were personally affected by, Defendants' uniform maintenance work policies and practices because, during the relevant period, Defendants regularly suffered or permitted Plaintiffs to perform about 2-3 hours of unpaid uniform maintenance work each week separate and apart from their regular household laundry or clothing maintenance chores.

41. Throughout the relevant period, because of the circumstances under which Plaintiffs and the Class members performed uniform maintenance work, Defendants routinely

failed to record all of the time Plaintiffs and the Class members spent engaged in uniform maintenance work or include all of this time in calculating the wages it paid to Plaintiffs and the Class members.

42. Throughout the relevant period, because Plaintiffs and the Class members could not perform the required uniform maintenance work during their shifts or at their assigned work location, Defendants routinely suffered or permitted Plaintiffs and the Class members to perform uniform maintenance work outside of their assigned work hours and locations.

43. Throughout the relevant period, Defendants knew that Plaintiffs and the Class members, regardless of their job title or location, regularly performed uniform maintenance work because Defendants' agents regularly encouraged, instructed, suffered and permitted Plaintiffs and the Class members to perform this work and observed the results of this work on a regular basis.

44. Throughout the relevant period, Defendants knew that Plaintiffs and the Class members, regardless of their job title or location, were not being properly compensated for all of their uniform maintenance work.

45. Throughout the relevant period, rather than ensuring that Plaintiffs and the Class members received full compensation for all uniform maintenance work they suffered or permitted, Defendants' timekeeping and pay policies and practices improperly placed the burden on Plaintiffs and the Class members to ensure that their uniform maintenance work time was properly tracked and that wages for uniform maintenance work were properly paid.

46. Throughout the relevant period, Defendants failed to implement any rules, systems or procedures to prohibit Plaintiffs and the Class members from performing uniform maintenance work; ensure that Plaintiffs and the Class members recorded or submitted their

actual uniform maintenance work time; or guarantee that Plaintiffs and the Class members were properly paid all wages owed for uniform maintenance work.

47. Throughout the relevant period, Defendants willfully violated the FLSA by knowingly suffering or permitting Plaintiffs and the Class members to spend time engaged in uniform maintenance work for which they did not properly pay all required wages.

48. As a result of Defendants' conduct, Plaintiffs and the Class members, regardless of their job title or location, have been regularly deprived of pay owed for uniform maintenance work they performed, including pay calculated at the overtime premium rate for uniform maintenance work performed in workweeks where Plaintiffs and the Class members worked more than 40 hours.

49. As a result of their conduct, Defendants have improperly retained money that they should have paid as wages to Plaintiffs and the Class members for uniform maintenance work. By retaining this money, Defendants have received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

WHEREFORE, Plaintiffs respectfully pray for an Order:

    a. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) addresses of all individuals whom Defendants, their subsidiaries, or affiliated companies employed in the state of Pennsylvania at any time during the relevant period;

    b. Authorizing Plaintiffs' counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c. Appointing David Cohen of Kolman Ely, P.C. as class counsel;

d. Finding that Defendants willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiffs and the Class members;

e. Granting judgment in favor of Plaintiffs and the Class members, and against Defendants, their FLSA claim;

f. Awarding compensatory damages to Plaintiffs and the Class members in an amount to be determined;

g. Awarding pre-judgment interest to Plaintiffs and the Class members on all compensatory damages due;

h. Awarding liquidated damages to Plaintiffs and the Class members;

i. Awarding Plaintiffs and the Class members a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j. Awarding Plaintiffs and the Class members equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

k. Awarding any further relief the Court deems just and equitable; and

l. Granting leave to add additional case Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

                                                        Respectfully submitted,

Dated: March 28, 2011                    /s/ Wayne A. Ely, Esquire
                                                      David J. Cohen
                                                      Wayne A. Ely
                                                      KOLMAN ELY, P.C.
                                                      414 Hulmeville Avenue
                                                      Penndel, PA 19047
                                                      (215) 750-3134
                                                      dcohen@kolmanlaw.net
                                                      wely@kolmanlaw.net

                                                      *Counsel for Plaintiffs and the Putative Class*