**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARMEN ATTANASIO, LYNN MARIE POTOSKI, DENISE GAITERI,** *on behalf of themselves and all others similarly situated,* | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **CASE NO. 3:11-CV-00582-ARC** |
| | : | **(JUDGE A. RICHARD CAPUTO)** |
| **vs.** | : | |
| | : | **Electronically filed** |
| **COMMUNITY HEALTH SYSTEMS INC., WYOMING VALLEY HEALTH CARE SYSTEM, AND WILKES-BARRE HOSPITAL COMPANY CO., LLC,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | | |

**DEFENDANTS' MOTION TO DISMISS (IN PART) THE**
<u>**AMENDED COMPLAINT**</u>

Defendants Community Health Systems Inc. ("CHS"), Wyoming Valley

Health Care System ("WVHCS"), and Wilkes-Barre Hospital Company, LLC

("WBHC") (collectively, "Defendants") submit this Motion to Dismiss (in part) the

Amended Complaint under Fed. R. Civ. P. 12(b)(6). The grounds for this second Motion to Dismiss include the following:

1.      On March 28, 2011, Plaintiffs Carmen Attanasio, Lynn Marie Potoski, Denise Gaiteri ("Named Plaintiffs"), on behalf of themselves and all others alleged to be "similarly situated," filed a collective action complaint in this Court against all Defendants for alleged violations of overtime pay obligations under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA"). ("Complaint") (ECF No. 1) (Ex. "A").

2.      On June 17, 2011, Defendants moved, under Fed. R. Civ. P. 12(b)(6), for wholesale dismissal of Named Plaintiffs' Complaint for failure to state a claim upon which relief can be granted under the FLSA. ("Motion to Dismiss I") (ECF No. 13).

3.      On October 20, 2011, the Court granted Defendants' Motion to Dismiss the Complaint, and granted Named Plaintiffs 21 days within which to file an Amended Complaint. ("Opinion and Order Dismissing the Complaint") (ECF No. 23).

4.      On November 7, 2011, Named Plaintiffs filed an Amended Complaint. ("Amended Complaint") (ECF No. 24) (Ex. "B").

5.      On November 23 2011, Defendants filed this Motion to Dismiss (in part) the Amended Complaint.

## THE AMENDED COMPLAINT MUST STATE FACTS ENTITLING
## NAMED PLAINTIFFS TO A PLAUSIBLE CLAIM FOR RELIEF

6.      Under Rule 12(b)(6), the Court must accept as true the Amended
Complaint's factual allegations and construe any inferences to be drawn from the
allegations in Named Plaintiffs' favor. *Evancho v. Fisher,* 423 F.3d 347, 350 (3d
Cir. 2005).

7.      This assumption of truth does not apply to legal conclusions couched
as factual allegations nor to threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements. *Ashcroft v. Iqbal,* 120 S.Ct. 1937, 1949-
1950 (2009).

8.      In considering a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), a
complaint must contain enough "facts to state a claim to relief that is plausible on
its face." *Id.,* 127 S.Ct. at 1974. The factual allegations "must be enough to raise a
right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550
U.S. 544, 555 (2007) (internal citations omitted).

9.      The facts pleaded must offer more than an unadorned, the defendant-
unlawfully-harmed-me accusation. "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Twombly.*

## THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT CHS BECAUSE NAMED PLAINTIFFS HAVE FAILED TO PLAUSIBLY ALLEGE CHS'S "EMPLOYER" STATUS

10.     Defendants incorporate and re-allege Paragraphs Nos. 1-9 of this Motion.

11.     To plead a viable FLSA claim, a plaintiff-employee must set forth facts establishing an employment relationship with each defendant-employer.

12.     The Amended Complaint alleges no facts that plausibly show that CHS employed any Named Plaintiff or purported class member.

13.     That is, the Amended Complaint alleges no facts that CHS exercised daily operational control over any Named Plaintiff or purported class member. This Court has recognized that determining the existence of a joint employment relationship involves careful scrutiny of facts highlighting the real economic relationship between the employee, employer and alleged joint employer. Attanasio v. Cmty. Health Sys., 2011 U.S. Dist. LEXIS 121764, *13-14 (M.D. Pa. Oct. 20, 2011), (citing Lepkowski v. Telatron Mktg. Group, 766 F. Supp. 2d 572, 577 (W.D. Pa. 2011)) (unpublished decisions are attached hereto in alphabetical order as Ex. "C").

14.     The Amended Complaint's "formulaic recitation of the elements of a cause of action" is insufficient to raise Named Plaintiffs' right to relief "above a speculative level" with respect to CHS's "employer" status. See e.g., Tracy v.

*NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (" I find that mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details -- essentially a formulaic recitation of the elements of a cause of action -- are insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA.") (internal quotation marks omitted); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation [to state a claim] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.").

15.     The Amended Complaint should be dismissed with prejudice as to non-employer CHS. *See e.g.,*, *Leber v. Berkley Vacation Resorts, Inc*., 2009 U.S. Dist. LEXIS 66928, *17-18 (D. Nev. July 27, 2009) (dismissing plaintiffs' FLSA claim for failure to allege which defendant was their employer or facts necessary to establish joint employment, and holding that plaintiffs must allege facts which show they plausibly are entitled to relief from each defendant as an employer or joint employer).

16.     If the Court denies the requested relief of dismissal with prejudice, CHS respectfully requests that the parties be given 90 days within which to conduct "employer" discovery, at the end of which CHS may move for partial

summary judgment on the " employer" issue alone without prejudice to later moving globally for summary judgment at the close of discovery.

WHEREFORE, this Court should dismiss the Amended Complaint against Defendant CHS for failure to state facts plausibly alleging an employment relationship between CHS and any of the Named Plaintiffs or purported class members. Fed. R. Civ. P. 12(b)(6).

If the Court denies the requested relief, Defendant CHS respectfully requests that the parties be given 90 days within which to conduct " employer" discovery at the end of which Defendant CHS may move for partial summary judgment on the " employer" issue alone without prejudice to moving globally for summary judgment at the close of discovery.

### THE AMENDED COMPLAINT SHOULD BE DISMISSED (IN PART) AS TO DEFENDANTS WVHCS AND WBHC ("WILKES-BARRE HOSPITAL DEFENDANTS") BECAUSE NAMED PLAINTIFFS HAVE FAILED TO PLAUSIBLY ALLEGE THAT THE WILKES-BARRE HOSPITAL DEFENDANTS EMPLOYED CLASS MEMBERS AT HEALTH CARE FACILITIES OUTSIDE <u>THE WYOMING VALLEY HEALTH CARE SYSTEM</u>

17.    Defendants incorporate and re-allege here Paragraphs Nos. 1-16 of this Motion.

18.    The Amended Complaint alleges formulaically that "Defendants" [which includes the Wilkes-Barre Hospital Defendants] supervise and control all

aspects of  Named Plaintiffs' and the purported class members' daily working conditions." (Amended Complaint, ¶22(a)-(k)) (Ex. "B").

19.     The Amended Complaint alleges that more than 11,000 class members allegedly work for thirteen (13) Pennsylvania health care facilities (including the Wyoming Valley Health Care System). (Amended Complaint, ¶8n.1) (Ex. "B").

20.     No facts, as opposed to formulaic boilerplate, are alleged that plausibly show that the  Wilkes-Barre Hospital Defendants exercised daily operational control over any purported class member's working conditions at any of the 12 (twelve) non-Wyoming Valley Health Care System health care facilities.

21.     The Amended Complaint's "formulaic recitation of the elements of a cause of action" is therefore insufficient to raise Named Plaintiffs' right to relief "above a speculative level" as to the Wilkes-Barre Hospital Defendants.  *See e.g.*, *Tracy*, 667 F. Supp. at 247; *Wright v. Lehigh Valley Hosp. & Health Network*, 2011 U.S. Dist. LEXIS 68012, *9-10 (E.D. Pa. June 23, 2011).

22.     The Amended Complaint should therefore be dismissed (in part) as to the Wilkes-Barre Hospital Defendants for failure to plausibly show that these Defendants employed -- that is, exercised daily operational control over -- class members working at Pennsylvania health care facilities outside the Wyoming Valley Health Care System.

23.      If the Court denies the requested relief, the Wilkes-Barre Hospital Defendants respectfully request that the parties be given 90 days within which to conduct " employer" discovery at the end of which the Wilkes-Barre Hospital Defendants may move for partial summary judgment on the " employer" issue alone (as to the non-exempt employees of the 12 (twelve) non-Wyoming Valley Health Care System health care facilities identified in the Amended Complaint) without prejudice to later moving globally for summary judgment at the close of discovery.

WHEREFORE, this Court should dismiss (in part) the formulaic/boilerplate Amended Complaint against Defendants WVHCS and WBHC for failure to state facts plausibly alleging an employment relationship between Defendants WVHCS and WBHC and any of the purported class members who work for health care facilities outside the Wyoming Valley Health Care System as identified in the Amended Complaint. Fed. R. Civ. P. 12(b)(6).

If the Court denies the requested relief, the Wilkes-Barre Hospital Defendants respectfully request that the parties be given 90 days within which to conduct " employer" discovery, at the end of which the Wilkes-Barre Hospital Defendants may move for partial summary judgment on the " employer" issue alone (as to the non-exempt employees of the 12 (twelve) non-Wyoming Valley Health Care System health care facilities identified in the Amended Complaint)

without prejudice to moving globally for summary judgment at the close of discovery.

## THE AMENDED COMPLAINT'S UNIFORM MAINTENACE WORK ("UMW")-BASED FLSA CLAIM SHOULD BE DISMISSED

24.     Defendants incorporate and re-allege here Paragraphs Nos. 1-23 of this Motion.

25.     The Amended Complaint alleges that Defendants maintained policies and practices that required Plaintiffs and purported class members to "spend time engaged in uniform maintenance work for which they were not paid all wages owed." (Amended Complaint, ¶44) (Ex. "B").

26.     Named Plaintiffs do not allege facts plausibly showing that the alleged UMW is an integral and indispensable duty under the FLSA and therefore compensable. *See e.g.*, *Schwartz v. Victory Security Agency*, 2011 US Dist LEXIS 62919, *11-13 (W.D. Pa. Jun. 14, 2011) (motion to dismiss granted); *Musticchi v. Little Rock*, 734 F. Supp. 2d 621, 631-32 (W.D. Ark. 2010) (motion to dismiss granted).

27.     Named Plaintiffs do not allege facts plausibly showing that the alleged UMW involved anything other than "wash and wear" uniforms.

WHEREFORE, this Court should dismiss the UMW-based FLSA claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**POST & SCHELL, P.C.**


Date: November 23, 2011     BY: /s/ Sidney R. Steinberg
                                  SIDNEY R. STEINBERG, ESQUIRE
                                  JONATHAN B. SPRAGUE, ESQUIRE
                                  KAITLIN M. PICCOLO, ESQUIRE
                                  Four Penn Center – 14th Floor
                                  1600 JFK Blvd.
                                  Philadelphia, PA 19103
                                  (215)587-1140 (phone)
                                  (215)587-1444 (facsimile)

                                  Attorneys for All Defendants